UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORI A. GILL-DRAYTON,

                Plaintiff,

    v.

NEW YORK STATE EDUCATION
DEPARTMENT, *et al.*,

                Defendant.

No. 23-CV-10259 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

Plaintiff Lori Gill-Drayton ("Plaintiff"), proceeding pro se, brings this Action under the Americans with Disabilities Act, 42 U.S.C. § 12101, and the New York State Human Rights Law, N.Y. Exec Law §§ 290 to 297, alleging disability discrimination during her employment at the Edward Williams School in the Mount Vernon City School District. (*See* Compl. (Dkt. No. 1).) On December 5, 2023, the Court granted Plaintiff's application to proceed in forma pauperis. (*See* Dkt. No. 4.) On January 8, 2024, Plaintiff submitted an application (the "Application") asking the Court to request pro bono counsel for her. (*See* App. for the Court to Request Pro Bono Counsel ("Pl's App.") (Dkt. No. 9).) For the foregoing reasons, the Application is denied without prejudice.

I. Discussion

A.  Legal Standard

28 U.S.C. § 1915(e)(1) provides that the courts "may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58,

60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id*.; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020). Even if a court does believe that a litigant should have a pro bono lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. *See* 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id*. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.; see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel).

B. Analysis

Plaintiff filed a request to proceed IFP, which the Court granted on December 5, 2023. (*See* Dkt. No. 4.) Plaintiff therefore qualifies as indigent.

At this time, it is too early to assess whether Plaintiff's claims are likely to be of substance. *See, e.g.*, *Quadir v. New York State DOL*, 39 F. Supp 3d 528, 543 (S.D.N.Y. 2014) ("At the motion to dismiss stage, it is too early to adequately weight the merits of [a plaintiff]'s case."). As the record develops, the Court can more accurately assess whether Plaintiff's chances of success "warrant the appointment of counsel." *See id*.

Even if the Court were to find that Plaintiff's claims were likely to be of substance, Plaintiff has not met her burden of demonstrating that she cannot "effectively prosecute [her] case." *See Fusco v. Cuomo*, No. 21-CV-1908, 2021 WL 2650511, at *2 (S.D.N.Y. June 28, 2021). To start, Plaintiff's ADA claim does not "appear so overwhelmingly complex that [she] cannot be afforded a just determination without legal representation." *See Maldonado v. Candidus*, No. 97-CV-4794, 1998 WL 690817, at *1 (S.D.N.Y. Sept. 30, 1998). Additionally, Plaintiff's claim turns on events and communications which she was witness to, many of which she has maintained records of through screenshots. (*See* Compl. at 51–78.)[1] In cases where a plaintiff has intimate knowledge of the facts and circumstances giving rise to her claims, the aid of counsel will generally not assist in further factfinding and investigation. *See Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate that additional facts could be gathered only though the aid of counsel). Although Plaintiff states that

---

[1] This citation references the Complaint's ECF pagination.

3

she is "not skilled enough" to represent herself, (*see* Pl's App. 1), that general assertion, without more, is insufficient to support her Application. *See Islam v. Fischer*, No. 07-CV-3225, 2008 WL 563462, at *2 (S.D.N.Y. Feb. 27, 2008) (finding that "[a plaintiff's] general assertion . . . that he does not have the expertise or legal skills is not sufficient, in itself, to justify a request for counsel" (quotation marks and citation omitted)).

Another factor that may be considered is Plaintiff's "efforts to obtain counsel." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013). Plaintiff states that she contacted one law firm and an individual practitioner and that both "rejected the offer to represent [her]." (Pl's App. 2.) While Plaintiff has made "a minimal effort" in furtherance of this *Hodge* factor, *see Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016), the lack of a more fulsome search weighs against her Application, *see McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *3 (S.D.N.Y. July 23, 2020) (referencing prior order concluding that this factor weighed against an applicant who "contacted a single prisoners' rights project and a single law office"); *see also Mena*, 2013 WL 1165554, at *1 (finding this factor did not favor requesting counsel where a plaintiff "contacted a couple of law firms").

Accordingly, Plaintiff's Application is denied without prejudice. If Plaintiff chooses to resubmit her Application at a later time, she should expand on her need for, and efforts to obtain, counsel and explain why she is "incapable of investigating the facts" or "conducting discovery." *See Islam*, 2008 WL 563462, at *3.

III.  Conclusion

For the aforementioned reasons, Plaintiff's Application is denied without prejudice.  The Clerk of Court is respectfully directed to terminate the pending motion, (*see* Dkt. No. 9), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   March 21, 2024
            White Plains, New York

_____
KENNETH M. KARAS
United States District Judge