UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

2025 APR 18 AM 11:06

S.D. OF N.Y.W.P.

---

LORI A. GILL-DRAYTON,

           Plaintiff.

v.                               No. 23-CV-10259 (KMK)

NEW YORK STATE EDUCATION
DEPARTMENT, MOUNT VERNON CITY
SCHOOL DISTRICT, ETAL,

           Defendants.

## First Amended Complaint FOR Discrimination AND RETALIATION IN VIOLATION OF THE REHABILITATION ACT AND ADA

**Plaintiff is, LORI A. Gill-Drayton, by pro-se, hereby submits this First Amended Complaint against the New York State Education Department ("NYSED") And Mount Vernon City School District ("MVCSD"), and alleges as follows:**

**\*\*PRELIMINARY STATEMENT\*\***

1. This is an action seeking redress for unlawful discrimination and retaliation on the basis of Plaintiff's disability in Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title 1 of the
Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C §12112
et seq.

2. Plaintiff, a dedicated educator with a known physical disability, was repeatedly denied reasonable accommodations, subjected to inaccessible work conditions, and retaliated against for asserting her federally protected rights.

3. Defendants' actions deprived Plaintiff of equal access programs, services, and benefits of her employment, including attendance at mandatory staff meetings and access to essential facilities, resulting in professional harm and emotional distress

**\*\*JURISDICTION AND VENUE\*\***

4. This court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 1343(a), as this arises under the laws of the United States, specifically the Rehabilitation Act and the ADA.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within this District and both Defendants reside or conduct business therein.

**PARTIES**

6. Plaintiff Lori A. Gill-Drayton is an individual employed in Westchester County, New York. At all relevant times, Plaintiff was employed as a teacher by the Mount Vernon City School District.

7. Defendant New York State Education Department ("NYSED") is a state agency receiving federal funding and is responsible for overseeing public education throughout the State, including special education compliance.

8. Defendant Mount Vernon City School District is a public school district located in Westchester County, New York, and was Plaintiff's employer at all relevant times.

**FACTUAL BACKGROUND**

9. Plaintiff suffers from a physical disability that substantially limits her mobility and requires the use of assisted devices.

10. Plaintiff's disability was known to her employer and the relevant decision-makers, including the school principal and district administrators.

11. Despite this knowledge, staff meetings were routinely held in upstairs locations inaccessible to Plaintiff.

12. Plaintiff informed school administrators of her inability to access the upstairs meeting locations and requested that meetings be relocated or that reasonable accommodations be made to allow her participation .

13. Defendants failed to relocate meetings or otherwise accommodate Plaintiff's access, effectively excluding her from important communications and isolating her from professional collaboration.

14. This exclusion impaired Plaintiff's ability to perform her job duties, to participate in professional development, and to remain equally

situated with her colleagues.

15. Defendants also failed to provide other reasonable accommodations for essential Job functions and facilities, including accessible restrooms and elevators.

**LEGAL CLAIMS**

**Claims One: Violation of the Rehabilitation Act of 1973 (29 U.S.C. § 794)**

16. Plaintiff repeats and re-alleges paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff is a qualified individual with a disability as defined under the Rehabilitation Act and was employed by a federally funded school district.

18. Defendants failed to provide Plaintiff with reasonable accommodations necessary to perform her job, including but not limited to: access to mandatory staff meetings held in inaccessible upper floors, failure to ensure accessible restroom facilities, and disregard for Plaintiff's documented medical needs.

19. Despite repeated notifications of Plaintiff's disability, including medical documentation previously submitted and referenced in **Exhibit A** (Doctor's Letter dated March 2022), Defendants took no meaningful action to accommodate her.

20. These failures to accommodate and ensure equal access interfered with Plaintiff's ability to perform her duties and participate equally in workplace activities, constituting a violation of **Section 504** of the **Rehabilitation Act**.

**Claims Two: Violation of Title I of the Americans with Disabilities Act (42 U.S.C. § 12112)**

21. Plaintiff repeats and re-alleges paragraphs 1 through 20.

22. MVCSD is a covered employer under the **ADA** and was fully aware of Plaintiff's disability and need for accommodation.

23. Plaintiff was denied equal access to mandatory professional responsibilities - specifically, staff meetings held in physically inaccessible locations - which is a term and condition of employment protected under the **ADA**.

24. MVCSD's failure to relocate meetings, provide remote access, or otherwise accommodate Plaintiff's disability constitutes unlawful discrimination under the **ADA**.

**Claim Three: Retaliation under the ADA and Rehabilitation Act**

25. Plaintiff repeats and re-alleges paragraphs 1 through 24.

26. Plaintiff engaged in protected activity when she requested accommodations for her disability and when she submitted written complaints to the administration regarding inaccessibility **(see Exhibit B: Internal Complaint Dated April 15, 2023)**.

27. Following these protected actions, Plaintiff experienced retaliatory conduct, including exclusion from communications.

28. The temporal proximity between her complaints and the adverse actions - within two to three weeks - supports a causal connection and gives rise to a retaliation claim under the **ADA** and the **Rehabilitation Act.**

**Claim Four: Hostile Work Environment Based on Disability**
**(Against MVCSD)**

29. Plaintiff repeats and re-alleges paragraphs 1 through 28.

30. Beginning around 2022 and continuing throughout the 2022- 2023 academic year, Plaintiff was subjected to persistent discriminatory treatment due to her disability, including ridicule for her requests, repeated exclusion from staff meetings and development sessions, and a refusal to address her reasonable accommodation needs.

31. This conduct, individually and collectively, created an intimidating, hostile, and offensive work environment that interfered with Plaintiff's ability to perform her job and caused significant emotional distress.

32. The hostile work environment was severe and pervasive, and it continued despite Plaintiff's repeated attempts to seek redress internally, as reflected in **Exhibits B** and **C**.

**Claim Five: Violation of the New York State Human Rights Law (NY Exec. Law § 290 et seq.)**
**(Against MVCSD and NYSED for preservation)**

33. Plaintiff repeats and re-alleges paragraphs 1 through 32.

34. Plaintiff's rights under the **NYSHRL** were violated through the same discriminatory, retaliatory, and harassing conduct described above.

35. Plaintiff includes this claim in the interest of preserving her right to pursue it further in an appellate manner should the said motion to dismiss is granted.

**\*\*PRAYER FOR RELIEF\*\***

**WHEREFORE, Plaintiff respectfully requests that this court enter judgement against Defendants and award the following relief:**

a. A declaratory judgement that Defendants violated the **Rehabilitation Act, ADA** and **NYSHRL;**
b. Injunctive relief requiring Defendants to implement proper **ADA** compliance protocols;
c. Compensatory damages for emotional distress and pain and suffering;
d. Punitive damages to deter similar conduct in the future
e. Any other relief the court deems just and proper.

**\*\*JURY DEMAND\*\***

**Plaintiff respectfully demands a trial by jury on all triable issues.**

Respectfully submitted,

*Lori A. Hill-Drayton*

Lori A. Gill-Drayton
Pro Se Plaintiff
outsideplug2020llc@gmail.com