UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI A. GILL-DRAYTON,

                                     *Plaintiff*,

        v.

NEW YORK STATE EDUCATION
DEPARTMENT, *et al.*,

                                     *Defendants*.

No. 23-CV-10259 (KMK)

ORDER & OPINION

Appearances:

Lori A. Gill-Drayton
Bronx, NY
*Pro se Plaintiff*

Elizabeth Renee McCullough-Sanden, Esq.
New York Office of Attorney General
New York, NY
*Counsel for Defendant New York State Education Department*

Eric James Marshall, Esq.
Law Office of Eric J. Marshall
New York, NY
*Counsel for Defendants Mount Vernon City School District, Crystal Waterman, and Keith McCall (in his individual capacity)*

Ximena Castro, Esq.
Gregory Ainsley, Esq.
New York State United Teachers' Office of General Counsel
New York, NY
*Counsel for Defendant Keith McCall (in his capacity as a union official)*

KENNETH M. KARAS, United States District Judge:

        Lori A. Gill-Drayton ("Plaintiff"), proceeding pro se, brings this Action against the New

York State Department of Education ("NYSED"), the Mount Vernon City School District

("Mount Vernon"), Dr. Crystal Waterman ("Waterman"), and Keith McCall ("McCall")[1] (collectively, "Defendants"), alleging claims for failure to accommodate, retaliation, and hostile work environment in violation of Titles I and II of the Americans with Disabilities Act of 1993 ("ADA"), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq.  (*See generally* First Am. Compl. ("FAC") (Dkt. No. 44.).)  Before the Court is NYSED's Motion to Dismiss (the "Motion").  (*See* NYSED Notice of Mot. (Dkt. No. 48).)  For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  Background

### A.  Materials Considered

"'When considering a motion to dismiss, the Court's review is confined to the pleadings themselves,' because 'to go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 56.'"  *Watson v. New York*, No. 22-CV-9613, 2023 WL 6200979, at *1 (S.D.N.Y. Sept. 22, 2023) (alterations adopted) (quoting *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002)).  "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment."  *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal quotation marks

---

[1] The Court refers to Mount Vernon, Waterman, and McCall (in his individual capacity) collectively as "District Defendants."

and citation omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

Additionally, when reviewing a complaint submitted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics and citation omitted), statements by the plaintiff "submitted in response to [a defendant's] request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), "documents either in [the plaintiff's] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks and citation omitted), and "[the plaintiff's] opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citing *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)).

Because Plaintiff is proceeding pro se, the Court will consider the documents attached to her Amended Complaint and briefing. *See Barkai v. Mendez*, 629 F. Supp. 3d 166, 175 (S.D.N.Y. 2022) (considering exhibits attached to pro se complaint when deciding motion to dismiss); *see also Floyd v. Rosen*, No. 21-CV-1668, 2022 WL 1451405, at *3 (S.D.N.Y. May 9, 2022) (considering exhibits attached to pro se opposition memorandum).

NYSED also attaches exhibits to its Motion.  Of those submissions, the Court takes judicial notice of Plaintiff's New York State Division of Human Rights ("NYSDHR") complaint, ("NYSDHR Charge" (Dkt. No. 48-4)), and NYSDHR's determination of Plaintiff's complaint, ("NYSDHR Determination" (Dkt. No. 48-3).)  The Court is not considering any of NYSED's other exhibits because Plaintiff does not incorporate them by reference in her Amended Complaint and there is no basis to take judicial notice of them.

B.  Factual Background

The following facts are drawn from the Amended Complaint and appended materials as and are assumed to be true for the purposes of resolving the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff is employed as a teacher by Mount Vernon.  (FAC ¶ 6.)  "Plaintiff suffers from a physical disability that substantially limits her mobility and requires the use of assist[ive] devices."  (*Id.* ¶ 10.)  According to Plaintiff, her disability was known to Mount Vernon and all relevant staff, including the school principal and district administrators.  (*Id.*)  Despite this knowledge, Plaintiff alleges that staff meetings were routinely held upstairs in areas inaccessible to her.  (*Id.* ¶ 11.)  Further, Plaintiff claims that she informed school administrators of her inability to access the upstairs meeting locations and asked for meetings to be relocated or for reasonable accommodations to be made to allow for her participation but Defendants failed to take either curative measure.  (*Id.* ¶¶ 12–13.)  Plaintiff also claims Defendants failed to provide other reasonable accommodations for her essential job functions and facilities, including accessible restrooms and elevators.  (*Id.* ¶ 15.)  As a result of Defendants' failure to accommodate Plaintiff's disability, Plaintiff claims she is "effectively exclud[ed] . . . from

important communications and isolate[ed] . . . from professional collaboration[,]" which "impair[s] Plaintiff's ability to perform her job duties, . . . participate in professional development, and . . . remain equally situated with her colleagues." (*Id.* ¶¶ 13–14.)

C.  Procedural Background

Plaintiff initiated this Action on November 20, 2023.  (*See* Compl. (Dkt. No. 1).)  On December 5, 2023, Plaintiff was granted in forma pauperis status.  (*See* Order (Dkt. No. 4).)  On March 18, 2024, District Defendants filed a Motion to Dismiss.  (*See* District Notice of Mot. (Dkt. No. 23); District Defs.' Mem. in Supp. of Mot. (Dkt. No. 23-1).)  On March 28, 2024, Plaintiff filed her Opposition to District Defendants' Motion.  (*See* Pl.'s Mem. in Opp. (Dkt. No. 28).)  On April 5, 2024, NYSED filed its Motion to Dismiss.  (*See* NYSED Notice of Mot. (Dkt. No. 29); NYSED's Mem. in Supp. of Mot.) (Dkt. No. 29-1).)  On April 26, 2024, McCall filed his Motion to Dismiss.  (*See* McCall Notice of Mot.; McCall's Mem. in Supp. of Mot. (Dkt. No. 33-3).)  On May 2, 2024, Plaintiff filed her Opposition to NYSED's Motion.  (*See* Pl.'s Mem. in Opp'n (Dkt. No. 34).)  On May 20, 2024, NYSED replied.  (*See* NYSED Reply (Dkt. No. 37).)  On May 28, 2024, District Defendants replied, (*see* District Reply (Dkt. No. 38)), and Plaintiff filed her Opposition to McCall's Motion, (*see* Pl.'s McCall Opp'n (Dkt. No. 40)).  On June 17, 2024, McCall replied to Plaintiff's Opposition.  (*See* McCall Reply; Affirmation of Ximena Castro (Dkt. No. 42).)  On March 20, 2025, the Court granted Defendants' Motions, dismissed Plaintiff's Complaint without prejudice, and dismissed Waterman and McCall from this Action. *See Gill-Drayton v. N.Y. State Educ. Dept.*, No. 23-CV-10259, 2024 WL 121678, at *13 (S.D.N.Y. Mar. 20, 2025).

On April 18, 2025, Plaintiff filed her First Amended Complaint against NYSED and Mount Vernon.  (*See generally* Dkt.)  On April 29, 2025, NYSED filed its Answer.  (*See*

NYSED Answer to Am. Compl. (Dkt. No. 45).)  On May 1, 2025, NYSED requested leave to file the instant Motion, (*see* Letter from Elizabeth McCullough-Sanden, Esq. to Court (May 1, 2025) (Dkt. No. 46)), which the Court granted, (*see* Mot. Scheduling Order (Dkt. No. 47)).  On June 2, 2025, NYSED filed the instant Motion.  (*See* NYSED Notice of Mot. (Dkt. No. 48); NYSED Mem. of Law in Supp. of Mot. ("NYSED Mem.") (Dkt. No. 48-1).)  On July 1, 2025, Plaintiff filed her Opposition to NYSED's Motion.  (*See* Pl.'s Mem. in Opp'n ("Pl.'s Mem.") (Dkt. No. 49).)  On July 22, 2025, NYSED filed its Reply to Plaintiff's Opposition.  (NYSED Reply. Mem. of Law in Supp. of Mot. ("NYSED Reply") (Dkt. No. 50).)

## II.  Discussion

### A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)).

#### 1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citation and quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold

question" (quotation marks omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (alterations omitted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing. *See Carter*, 822 F.3d at 57.

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and alterations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked

7

assertions devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally

and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). As noted, when a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah*, 2013 WL 3972514, at *4 n.3 (quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu*, 2010 WL 5186839, at *4 n.6 (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones*, 2013 WL 5300721, at *2, and "documents either in [the] plaintiff[']s possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers*, 282 F.3d at 153 (quotation marks omitted).

9

B. Analysis

    1. Immunity

Plaintiff asserts ADA, NYSHRL, and Rehabilitation Act claims against NYSED.[2]  (*See* FAC ¶¶ 16–20, 25–28, 33–35.)  NYSED argues the ADA and NYSHRL claims remain barred by the Eleventh Amendment as decided in this Court's previous Opinion.  (NYSED Mem. 5–6; *see also Gill-Drayton*, 2024 WL 121678, at *8 ("Accordingly, sovereign immunity bars Plaintiff's ADA Title I, ADA Title II, and NYSHRL claims . . . .").)

Even construed liberally, nothing in Plaintiff's Amended Complaint or briefing challenges the Court's previous sovereign immunity finding.  (*See generally* FAC)  Accordingly, Plaintiff's ADA and NYSHRL claims against NYSED remain barred by the Eleventh Amendment, because "'Congress has not validly abrogated the states' sovereign immunity for claims arising under Title I [of the ADA]' and . . . 'New York has not waived its Eleventh Amendment immunity for NYSHRL suits in federal courts.'"  *Gill-Drayton*, 2024 WL 121678, at *7 (quoting *Yerdon v. Poitras*, 120 F.4th 1150, 1153 (2d Cir. 2024)).  However, Congress has abrogated state sovereign immunity under the Rehabilitation Act, so Plaintiff's Rehabilitation Act claims are not barred by sovereign immunity.  *See Ballentine v. New York*, No. 24-CV-4615, 2024 WL 4870833, at *3 (S.D.N.Y. Nov. 21, 2024) (noting that "the Rehabilitation Act abrogates Eleventh Amendment immunity for claims against the State of New York when the state has knowingly waived this right by accepting federal funds").

---

    [2] The Court notes that Plaintiff asserts her NYSHRL claims "in the interest of preserving her right to pursue it further" on appeal, (FAC ¶ 35), though this does not change the Court's analysis of her claims.  Because the Eleventh Amendment continues to bar Plaintiff's NYSHRL claims, the Court does not consider NYSED's argument regarding election of remedies.  (*See* NYSED Mem. 6–8.)

2. Rehabilitation Act

Plaintiff asserts a failure to accommodate claim against Mount Vernon and retaliation claims against Mount Vernon and NYSED under the Rehabilitation Act. (*See* FAC ¶¶ 16–20, 25–28.)

a. Retaliation

"Retaliation claims under . . . the ADA[] and the Rehabilitation Act are analyzed under the same framework that applies to retaliation claims under Title VII." *Smith v. N.Y.C. Dep't of Educ.*, No. 18-CV-8545, 2019 WL 6307471, at *11 (S.D.N.Y. Nov. 25, 2019); *see also Cerni v. J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533, 538 (S.D.N.Y. 2016) (applying Title VII retaliation analysis to ADEA retaliation claim); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (applying Title VII retaliation analysis to ADA retaliation claim); *Weixel v. Bd. of Educ.*, 287 F.3d 138, 148 (2d Cir. 2002) (elements of a retaliation claim under the Rehabilitation Act and the ADA are the same). Accordingly, to plead a retaliation claim under these statutes, a plaintiff must allege "that: (1) [s]he engaged in an activity protected by the [statute]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia*, 313 F.3d at 719.

NYSED argues Plaintiff cannot bring a retaliation claim against it because it is not Plaintiff's employer. (NYSED Mem. 8–10.) In support of this claim, NYSED cites the factors used to determine who is an employer under the NYSHRL, namely: "whether the alleged employer[] '(1) has the power to hire employees; (2) made the payment of salary or wages to the employee; (3) had the power of dismissal over the employee; and (4) had the power to control the employee's conduct.'" (NYSED Mem. 9 (quoting *Romano v. A360 Media, LLC*, No. 20-CV-

8988, 2023 WL 348459, at *14 (S.D.N.Y. Jan. 20, 2023).)  Since "the elements to find disability discrimination under the NYSHRL . . . generally track the ADA," *Thomson v. Odyssey House*, No. 14-CV-3857, 2015 WL 5561209, at *18 (E.D.N.Y. Sept. 21, 2015), *aff'd* 652 F. App'x 44 (2d Cir. 2016), and "'[t]he same standard applies to disability discrimination claims under the Rehabilitation Act' as the ADA[,]" *Smith*, 2019 WL 6307471, at *6 (quoting *Johnson v. NYS Office of Alcoholism*, No. 16-CV-9769, 2018 WL 1353258, at *4 (S.D.N.Y. Mar. 13, 2018)), these factors can be applied to determine whether NYSED qualifies as Plaintiff's employer under the Rehabilitation Act.

As noted by NYSED in its Motion, Plaintiff concedes that she is employed by Mount Vernon, not NYSED.  (*See* FAC ¶ 6 (alleging that "Plaintiff was employed as a teacher by Mount Vernon City School District"); *id.* ¶ 8 (alleging that "Defendant Mount Vernon City School District . . . was Plaintiff's employer at all relevant times.").)  Plaintiff's Amended Complaint is also devoid of any factual allegations indicating that NYSED had the power to hire or fire her, made payment of salary or wages to her, or had control over her conduct.  (*See generally* AC.)  Accordingly, Plaintiff has failed to plead a Rehabilitation Act retaliation claim against NYSED.  *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) (dismissing the plaintiffs' claims against NYSED for lack of employer-employee relationship); *Shehab v. N.Y. State Dept. of Transp.*, No. 03-CV-5370, 2006 WL 1008346, at *1 (S.D.N.Y. Apr. 18, 2006) (dismissing state contractor employee's claims against defendant state agency for lack of employer-employee relationship), *aff'd* 251 F. App'x 9 (2d Cir. 2007) (summary order); *Yacklon v. E. Irondequoit Cent. Sch. Dist.*, 733 F. Supp. 2d 385, 388–89 (W.D.N.Y. 2010) (dismissing a contract employee's claims against school district for lack of employer-employee relationship).

b.  Supervisory Liability

NYSED may not totally escape Rehabilitation Act liability because Plaintiff also alleges that "whether or not [NY]SED [is] [her] employer," it is responsible for Mount Vernon's Rehabilitation Act violations because it "has oversight responsibilities for ensuring [its] school districts comply with federal disability laws."  (Pl.'s Resp. 2.)

The Second Circuit has not expressly addressed the relationship between NYSED and its subordinate schools in the context of the Rehabilitation Act.  However, in *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2006), it upheld a lower court's decision to impose supervisory liability on a state agency for a subordinate organization's violation of the Rehabilitation Act when providing federally-funded social services.  *Id.* at 284–87.  Although "the Rehabilitation Act on its face does not directly announce that participating states will be subject to supervisory liability[,]" the court looked to the common law of contracts to hold that "in accepting federal funds, New York State has promised that its programs will comply with the mandate of the Rehabilitation Act . . . [such that] New York State is also liable to guarantee that those it delegates to carry out its programs satisfy the terms of its promised performance, including compliance with the Rehabilitation Act."  *Id.* at 285–86.  Here, NYSED's receipt of federal funds and supervisory position over Mount Vernon makes it analogous to the *Henrietta D.* defendants, which suggests that NYSED may bear supervisory liability for Mount Vernon's alleged violations of the Rehabilitation Act.  However, the Court declines to assess the viability of Plaintiff's claims against Mount Vernon at this time because Mount Vernon's Motion to Dismiss is not presently before the Court.[3]  Since the Court is not presently assessing Plaintiff's

---

[3] On November 3, 2025, Mount Vernon requested permission to file a Motion to Dismiss. (*See* Letter from Eric Marshall, Esq. to Court (Nov. 3, 2025) (Dkt. No. 51).)  On December 5,

underlying Rehabilitation Act claim against Mount Vernon, it also declines to dismiss Plaintiff's

Rehabilitation Act claim against NYSED at this time.

### III. Conclusion

For the reasons set forth above, NYSED's Motion to Dismiss is granted as to Plaintiff's

NYSHRL and ADA claims and denied as to Plaintiff's Rehabilitation Act claim. The Clerk of

the Court is respectfully directed to terminate the pending Motion at Dkt. No. 48.

SO ORDERED.

Dated: March 31, 2026
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

2025, the Court granted Mount Vernon's request and set a briefing schedule. (*See* Mot.
Scheduling Order (Dkt. No. 52).)