UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI A. GILL-DRAYTON,

*Plaintiff*,

v.

MOUNT VERNON CITY SCHOOL DISTRICT, *et al.*,

*Defendants*.

No. 23-CV-10259 (KMK)

ORDER & OPINION

Appearances:

Lori A. Gill-Drayton
Bronx, NY
*Pro se Plaintiff*

Elizabeth Renee McCullough-Sanden, Esq.
New York Office of Attorney General
New York, NY
*Counsel for Defendant New York State Education Department*

Eric James Marshall, Esq.
Law Office of Eric J. Marshall
New York, NY
*Counsel for Defendants Mount Vernon City School District, Crystal Waterman, and Keith McCall (in his individual capacity)*

Ximena Castro, Esq.
Gregory Ainsley, Esq.
New York State United Teachers' Office of General Counsel
New York, NY
*Counsel for Defendant Keith McCall (in his capacity as a union official)*

KENNETH M. KARAS, United States District Judge:

Lori A. Gill-Drayton ("Plaintiff"), proceeding pro se, brings this Action against the New York State Department of Education ("NYSED") and the Mount Vernon City School District ("Mount Vernon"), (collectively, "Defendants"), alleging claims for failure to accommodate,

retaliation, and hostile work environment in violation of Titles I and II of the Americans with Disabilities Act of 1993 ("ADA"), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. (*See generally* First Am. Compl. ("FAC") (Dkt. No. 44.).) Before the Court is Mount Vernon's Motion to Dismiss (the "Mount Vernon Motion") the First Amended Complaint, (*see* Mount Vernon Not. of Mot. (Dkt. No. 53-1)) and NYSED's Motion for Reconsideration (the "NYSED Motion for Reconsideration") (Dkt. No. 56). For the reasons set forth below, the Mount Vernon Motion to Dismiss is granted in its entirety, and the NYSED Motion for Reconsideration is denied as moot.

## I. Background

### A. Materials Considered

"'When considering a motion to dismiss, the Court's review is confined to the pleadings themselves,' because 'to go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 56.'" *Watson v. New York*, No. 22-CV-9613, 2023 WL 6200979, at *1 (S.D.N.Y. Sept. 22, 2023) (alterations adopted) (quoting *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002)). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (internal quotation marks and citation omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a

Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

Additionally, when reviewing a complaint submitted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics and citation omitted), statements by the plaintiff "submitted in response to [a defendant's] request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), "documents either in [the plaintiff's] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks and citation omitted), and "[the plaintiff's] opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citing *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)).

Because Plaintiff is proceeding pro se, the Court will consider the documents attached to her Amended Complaint and Opposition to Mount Vernon's Motion to Dismiss, as well as those documents attached to her original Complaint and Opposition to the Defendants' previous Motion to Dismiss. *See Barkai v. Mendez*, 629 F. Supp. 3d 166, 175 (S.D.N.Y. 2022) (considering exhibits attached to pro se complaint when deciding motion to dismiss); *see also Floyd v. Rosen*, No. 21-CV-1668, 2022 WL 1451405, at *3 (S.D.N.Y. May 9, 2022) (considering

exhibits attached to pro se opposition memorandum); *see also Al-Haj v. Singer*, No. 19-CV-3135, 2021 WL 4442854 (S.D.N.Y. Sept. 28, 2021) ("Because the plaintiff is proceeding pro se, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading." (internal quotation marks omitted)).[1]

Mount Vernon also attaches exhibits to its Motion. Of those submissions, the Court takes judicial notice of Plaintiff's New York State Division of Human Rights ("NYSDHR") complaint ("NYSDHR Charge") and NYSDHR's determination of Plaintiff's complaint ("NYSDHR Determination") (Dkt. No. 53-2). The Court is not considering any of Mount Vernon's other exhibits because Plaintiff does not incorporate them by reference in her Amended Complaint and there is no basis to take judicial notice of them.

B. Factual Background

The following facts are drawn from the Amended Complaint and appended materials and are assumed to be true for the purposes of resolving the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff is employed as a teacher by Mount Vernon. (FAC ¶ 6.) "Plaintiff suffers from a physical disability that substantially limits her mobility and requires the use of assist[ive] devices." (*Id.* ¶ 9.) According to Plaintiff, her disability was known to Mount Vernon and all

---

[1] In dismissing Plaintiff's original Complaint, the Court advised Plaintiff that "the amended complaint will completely replace, not supplement, the Complaint" and that "[t]he amended complaint must therefore contain all claims, defendants, and factual allegation[s] the Plaintiff wishes the Court to consider." *Gill-Dratyon v. New York State Educ. Dep't*, No. 23-CV-10259, 2025 WL 872997, at *13 (S.D.N.Y. Mar. 20, 2025). Notwithstanding this warning, the Court nevertheless extends the "substantial degree of solicitude" afforded to pro se plaintiffs and considers both Complaints together. *Dos Santos v. Assurant, Inc.*, 625 F. Supp. 3d 121, 129 (S.D.N.Y. 2022) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)).

relevant staff, including the school principal and district administrators. (*Id.* ¶ 10.) Despite this knowledge, Plaintiff alleges that staff meetings were routinely held upstairs in areas inaccessible to her. (*Id.* ¶ 11.) Further, Plaintiff claims that she informed school administrators of her inability to access the upstairs meeting locations and asked for meetings to be relocated or for reasonable accommodations to be made to allow for her participation, but Defendants failed to take either curative measure. (*Id.* ¶¶ 12–13.) Plaintiff also claims Defendants failed to provide other reasonable accommodations for her essential job functions and facilities, including accessible restrooms and elevators. (*Id.* ¶ 15.) As a result of Defendants' failure to accommodate Plaintiff's disability, Plaintiff claims she is "effectively exclud[ed] . . . from important communications and isolate[ed] . . . from professional collaboration[,]" which "impair[s] Plaintiff's ability to perform her job duties, . . . participate in professional development, and . . . remain equally situated with her colleagues." (*Id.* ¶¶ 13–14.)

C. Procedural Background

Plaintiff initiated this Action on November 20, 2023. (*See* Compl. (Dkt. No. 1).) On December 5, 2023, Plaintiff was granted in forma pauperis status. (*See* Order (Dkt. No. 4).) On March 18, 2024, District Defendants filed a Motion To Dismiss. (*See* District Notice of Mot. (Dkt. No. 23); District Defs.' Mem. in Supp. of Mot. (Dkt. No. 23-1).) On March 28, 2024, Plaintiff filed her Opposition to District Defendants' Motion. (*See* Pl.'s Mem. in Opp'n (Dkt. No. 28).) On April 5, 2024, NYSED filed its Motion To Dismiss. (*See* NYSED Notice of Mot. (Dkt. No. 29); NYSED's Mem. in Supp. of Mot.) (Dkt. No. 29-1).) On April 26, 2024, McCall filed his Motion To Dismiss. (*See* McCall Notice of Mot.; McCall's Mem. in Supp. of Mot. (Dkt. No. 33-3).) On May 2, 2024, Plaintiff filed her Opposition to NYSED's Motion. (*See* Pl.'s Mem. in Opp'n (Dkt. No. 34).) On May 20, 2024, NYSED replied. (*See* NYSED Reply (Dkt.

No. 37).) On May 28, 2024, District Defendants replied, (*see* District Reply (Dkt. No. 38)), and Plaintiff filed her Opposition to McCall's Motion, (*see* Pl.'s McCall Opp'n (Dkt. No. 40)). On June 17, 2024, McCall replied to Plaintiff's Opposition. (*See* McCall Reply; Affirmation of Ximena Castro (Dkt. No. 42).) On March 20, 2025, the Court granted Defendants' Motions, dismissed Plaintiff's Complaint without prejudice, and dismissed Waterman and McCall from this Action. *See Gill-Dratyon v. New York State Educ. Dep't*, No. 23-CV-10259, 2025 WL 872997, at *8 (S.D.N.Y. Mar. 20, 2025).

On April 18, 2025, Plaintiff filed her First Amended Complaint against NYSED and Mount Vernon. (*See* FAC (Dkt. No. 44).) On April 29, 2025, NYSED filed its Answer. (*See* NYSED Answer to FAC (Dkt. No. 45).) On June 2, 2025, NYSED filed a Motion To Dismiss. (*See* NYSED Notice of Mot. (Dkt. No. 48); NYSED Mem. of Law in Supp. of Mot. ("NYSED Mem.") (Dkt. No. 48-1).) On July 1, 2025, Plaintiff filed her Opposition to NYSED's Motion. (*See* Pl.'s Mem. in Opp'n ("Pl.'s Mem.") (Dkt. No. 49).) On July 22, 2025, NYSED replied to Plaintiff's Opposition. (*See* NYSED Reply. Mem. of Law in Supp. of Mot. ("NYSED Reply") (Dkt. No. 50).) On January 5, 2026, Mount Vernon Filed a Motion to Dismiss. (*See* Mount Vernon Notice of Mot. (Dkt. No. 53-1); Mount Vernon Mem. of Law in Supp. of Mot. ("Mount Vernon Mem.") (Dkt. No. 53).) On February 6, 2026, Plaintiff filed her Opposition to Mount Vernon's Motion. (*See* Pl.'s Mem. in Opp'n ("Pl.'s Mem.") (Dkt. No. 54).)

On March 31, 2026, the Court granted NYSED's Motion with respect to Plaintiff's NYSHRL and ADA claims against NYSED and denied it with respect to Plaintiff's Rehabilitation Act claim. *Gill-Drayton v. New York State Educ. Dep't*, No. 23-CV-10259, 2026 WL 880546, at *6 (S.D.N.Y. Mar. 31, 2026). On April 14, 2026, NYSED filed a Motion for

Reconsideration for dismissal of the Rehabilitation Act claims against NYSED. (*See* NYSED Mot. for Reconsideration) (Dkt. No. 56).)

II. Discussion

A. Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC,* 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (noting that a district court should only consider the complaint, documents appended to the complaint or incorporated by reference, and matters of which judicial notice can be taken in ascertaining facts for a motion to dismiss).

## B. Analysis

### 1. ADA & Rehabilitation Act Claims

#### a. Failure to Accommodate

Plaintiff asserts claims under the ADA and the Rehabilitation Act on the basis that Defendants failed to provide her with reasonable accommodations necessary to perform her job. "The ADA requires employers to make 'reasonable accommodations to the known physical or

mental limitations of an otherwise qualified [employee], unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business.'" *Smith v. N.Y.C. Dep't of Educ.*, No. 18-CV-8545, 2019 WL 6307471, at *9 (S.D.N.Y. Nov. 25, 2019) (internal citation omitted) (quoting 42 U.S.C. § 12112(b)(5)(A)). "Similarly, regulations promulgated under the Rehabilitation Act by the Department of Health and Human Services require recipients of federal funds to make *reasonable accommodation* to the known physical or mental limitations of an otherwise qualified handicapped employee unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program." *Quadir v. N.Y. State Dep't of Labor*, No. 13-CV-3327, 2016 WL 3633406, at *2 (S.D.N.Y. June 29, 2016) (emphasis in original) (internal quotation marks omitted and alteration adopted).

To state a claim for failure to accommodate under either the ADA or the Rehabilitation Act, an employee must allege that:

> (1) [s]he is a person with a disability under the meaning of the Act; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

*Noll v. Int'l Bus. Mach. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (alterations omitted) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)); *see also Quadir*, 2016 WL 3633406, at *2 (same).

"A plaintiff bringing a failure-to-accommodate claim must plead that [her] employer affirmatively failed to provide [her] with a reasonable accommodation for [her] disability. . . . mean[ing] that any accommodation that the plaintiff claims is reasonable must have been actually sought and unlawfully denied." *Wolfinger v. Consol. Edison Co. of New York, Inc.*, No.

17-CV-1710, 2018 WL 3637964, at *11 (E.D.N.Y. July 31, 2018). In ruling to dismiss the original Complaint, the Court found that Plaintiff failed to make a prima facie showing that Mount Vernon refused to make such accommodations. *Gill-Dratyon*, 2025 WL 872997, at *11. The Court noted that Plaintiff's own allegations demonstrate that Mount Vernon relocated meetings to accommodate Plaintiff's disability. *Id.* The Amended Complaint fails to cure these deficiencies.

Plaintiff's Amended Complaint alleges in a conclusory manner that Mount Vernon "fail[ed] to relocate meetings, provide remote access, or otherwise accommodate Plaintiff's disability," (FAC ¶ 24; *see also id.* ¶ 13) but does not point to any specific facts tending to show such a failure, *see Smith v. City of New York*, No. 15-CV-4493, 2016 WL 4574924 (S.D.N.Y. Sept. 1, 2016) (finding a conclusory statement that no accommodation was made "obviously insufficient" to state a claim for failure to provide reasonable accommodation). In her Opposition to Mount Vernon's present Motion, Plaintiff points to two factual allegations that purport to show that she requested accommodation prior to June 28, 2023. (Pl.'s Mem. 2 (Dkt. No. 54).) First, she cites an October 28, 2022 email in which she told the school principal that she could not participate in a staff breakfast. (*Id.* 2 (citing Exhibit B to Pl'.s Mem.)[2] The principal replied to this email indicating the school would relocate the event. (*Id.* 8.) Second, Plaintiff refers to a January 22, 2024 email from the school principal, announcing a new staff room on the first floor of the school. (*Id.* 2, 17–18 (citing Exhibit D to Pl'.s Mem).)

These allegations are insufficient to show that Plaintiff's accommodation was "actually sought and unlawfully denied." *Wolfinger*, 2018 WL 3637964, at *11. At most, they reflect an

---

[2] When referring to documents attached as exhibits to Plaintiff's Opposition to the Motion to Dismiss, the Court refers to the page number of the filed document.

intent to relocate staff meetings, as requested by Plaintiff, and that a new staff lounge was opened on the first floor in 2024. These two documents do not show that an accommodation was sought and unlawfully denied. They do not, for instance, lead to the inference that Mount Vernon did not hold meetings on the first floor prior to 2024. Plaintiff pleads no facts showing that meetings were not held in accessible locations. Nor does Plaintiff plead facts showing that her request for accommodation on June 28, 2023 was denied by Mount Vernon.

Because Plaintiff has inadequately pled that her "employer has refused to make [reasonable] accommodations," *Noll*, 787 F.3d at 94 (2d Cir. 2015), her failure to accommodate claims under the ADA and Rehabilitation Act against Defendants are dismissed.

b. Retaliation Claim

Plaintiff also alleges that Defendants retaliated against her, in contravention of the ADA and Rehabilitation Act, after she requested accommodations for her disability and submitted written complaints about inaccessibility at her workplace.

"Retaliation claims under . . . the ADA[] and the Rehabilitation Act are analyzed under the same framework that applies to retaliation claims under Title VII." *Smith*, 2019 WL 6307471, at *11; *see also Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (applying Title VII retaliation analysis to ADA retaliation claim); *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002) (elements of a retaliation claim under the Rehabilitation Act and the ADA are the same); *Cerni v. J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533, 538 (S.D.N.Y. 2016) (applying Title VII retaliation analysis to ADEA retaliation claim). Accordingly, to plead a retaliation claim under these statutes, a plaintiff must allege "that: (1) [s]he engaged in an activity protected by the [statute]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against [her]; and (4) a causal

connection exists between the alleged adverse action and the protected activity." *Treglia*, 313 F.3d at 719.

In its prior decision, the Court found Plaintiff's original pleadings failed to establish either adverse employments actions or a causal connection between the protected activity and the alleged actions. *Gill-Dratyon*, 2025 WL 872997, at *11–12. On the adverse employment actions, the following allegations from Plaintiff's original complaint were insufficient:

> [H]av[ing] meetings and activities on the upper levels of the building, involv[ing] the local police who forced . . . Plaintiff to relinquish her parking spot, . . . only [having] Plaintiff's mail brought by a third party on three occasions since the initial filing of the complaint, and creat[ing] a hostile work environment by failing to provide Plaintiff necessary computer access.

*Id.* (internal quotations omitted).

Plaintiff's Amended Complaint fails to plead any new conduct which could constitute adverse employment actions. In Plaintiff's Amended Complaint, she refers broadly to "retaliatory conduct, including exclusion from communications." (FAC ¶ 27.) The Court assumes Plaintiff is alluding to meetings having been held in parts of the building inaccessible to Plaintiff for the purpose of excluding her. The Court previously held that this exclusion "do[es] not constitute [an] adverse employment action[]," *Gill-Dratyon*, 2025 WL 872997, at *11 (quoting *Muniz v. City of New York*, No. 20-CV-9223, 2023 WL 6294169, at *8 (S.D.N.Y. Sept. 27, 2023) (alteration adopted), and the Amended Complaint pleads no new facts that would warrant a different conclusion.

Plaintiff's Opposition to Mount Vernon's Motion to Dismiss refers to a "retaliatory shift" following her request for accommodations and her needing to obtain copies and other "small things" from an individual named Keith McCall. (Pl.'s Mem. 3.) Plaintiff fails to allege specific facts pointing to the dates or instances of this purported adverse action. However, even if she

had, the "retaliation" described—obtaining copies through an alternate source—amounts to a "mere inconvenience" which does not "qualify as an adverse employment action." *Eliav v. Roosevelt Island Operating Corp.*, No. 22-CV-09978, 2024 WL 196477, at *4 (S.D.N.Y. Jan. 18, 2024) (quoting *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). Inconveniences like those identified by Plaintiff "do not constitute adverse employment actions unless they are accompanied by 'some attendant negative result, such as a deprivation of a position or opportunity.'" *Makhsudova v. City of New York*, No. 20-CV-10728, 2022 WL 1571152, at *6 (S.D.N.Y. May 18, 2022) (quoting *Brand v. New Rochelle City Sch. Dist.*, No. 19-CV-7263, 2022 WL 671077, at *9 (S.D.N.Y. Mar. 7, 2022)). However, Plaintiff has alleged no negative consequences or deprivations flowing from this inconvenience.

As for pleading a causal connection, Plaintiff's Amended Complaint is also deficient in this respect. Plaintiff's Amended Complaint alleges that there was a "temporal proximity between her complaints and the adverse actions[—]within two to three weeks," which she asserts is sufficient to establish a causal connection under the ADA and Rehabilitation Act. Plaintiff describes the protected activity as "request[ing] accommodations for her disability and "submit[ing] written complaints to the administration regarding inaccessibility."[3] (FAC ¶ 26.) Assuming such behavior constitutes protected activity, Plaintiff fails to plead facts showing *when* the alleged adverse actions following such activity took place, such as adverse actions occurring on certain dates. In fact, she fails to point to *any* adverse actions occurring following the protected activity, which is fatal to this claim. *See Smith v. New York City Health & Hosps.*, No.

---

[3] Plaintiff refers to an Exhibit B, which purports to be an Internal Complaint Dated April 15, 2023. (FAC ¶ 26.) Plaintiff attached no exhibits to her Amended Complaint, and no Exhibit B previously submitted in this case or submitted with her Opposition to the present Motion is an Internal Complaint dated April 15, 2023.

25-CV-1040, 2025 WL 722879, at *2 (E.D.N.Y. Mar. 6, 2025) (dismissing plaintiff's Title VII retaliation claim where she "failed to identify . . . any adverse action by [d]efendant that was causally connected to [p]laintiff's participation in protected activity."); *Agostinello v. Great Neck Union Free Sch. Dist.*, No. 05-CV-5838, 2009 WL 238865, at *20 (E.D.N.Y. Feb. 2, 2009), *aff'd,* 353 F. App'x 589 (2d Cir. 2009) (dismissing retaliation claims because plaintiff failed to allege adverse employment actions, including with respect to alleged adverse action for which plaintiff provided "no or insufficient detail to allow the court to assess whether" it was an adverse employment action). Plaintiff thus fails to cure the deficiencies underlying this Court's previous determination that the employer's conduct before her protected activity was consistent both before and after her protective activity and thus not retaliatory. *Gill-Dratyon*, 2025 WL 872997, at *13 (citing *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 722 (S.D.N.Y. 2020)).

Because the Amended Complaint pleads neither adverse employment actions nor a causal connection between the protective activity and alleged adverse employment activity, the Plaintiff's retaliation claims against the Defendants are dismissed.

c. Hostile Work Environment

Plaintiff also brings a hostile work environment claim against Mount Vernon. (FAC ¶¶ 29–32.) While Plaintiff does not cite a specific law under which she brings this claim, this Court will construe the Amended Complaint to "raise the "strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and examine whether Plaintiff has adequately alleged a hostile work environment claim under the ADA or Rehabilitation Act.

Both of these statutes apply the same standard for pleading a hostile work environment claim. *Figueroa v. Garland*, No. 21-CV-7849, 2022 WL 17539114, at *8 (S.D.N.Y. Dec. 6,

2022) ("The standard for pleading a hostile work environment claim under the Rehabilitation Act is the same as the standard under the ADA and Title VII."). "[P]laintiff must plausibly plead that [her] 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Id.*

In her Amended Complaint, Plaintiff alleges that "beginning around 2022 and continuing through the 2022–2024 academic year, Plaintiff was subjected to . . . ridicule for her requests, repeated exclusion from staff meetings and development sessions, and a refusal to address her reasonable accommodation needs." (FAC ¶ 30.) Plaintiff alleges that this conduct "caused significant emotional distress" and was "severe and pervasive." (FAC ¶ 31–32.) She also refers to two exhibits which she asserts reflects "repeated attempts to seek redress internally." (FAC ¶ 32.) While Plaintiff did not attach any exhibits to her Amended Complaint, Exhibits B nor C attached to previous submissions to the Court do not show that she was subject to ridicule, exclusion, or a refusal to address her needs, or that she experienced a workplace that was "permeated with abuse. Exhibits B and C to the original Complaint are, respectively, photos of the school. (*See* Compl. 41, 44.) Exhibit B of Plaintiff's Opposition to Defendants' first Motion to Dismiss is an email exchange with Principal Waterman which, in fact, indicates the school's willingness to relocate staff meetings to accommodate Plaintiff's needs. (*See* Pl.'s Mem. 35.) Exhibit C to the same is an invitation to a staff member's baby shower. (*See* Pl.'s Mem. 45.) Thus, these exhibits either undercut or fail to support Plaintiff's claim of workplace harassment.

Though the Plaintiff asserts the harassing behavior was "severe and pervasive," merely offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient to state a claim. *Iqbal*, 556 U.S. at 678. The Court agrees with Mount Vernon that Plaintiff must "plead[] . . . representative facts" to establish that a hostile workplace environment existed. (Mount Vernon Mem. 24.) As the Plaintiff's Amended Complaint is devoid of any factual references supporting the conclusion that she faced "harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse," *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (quoting *Harris v. Forklift Sys.*, Inc., 510 U.S. 17, 23 (1993)), her hostile work environment claim fails to meet the 12(b)(6) standard and must be dismissed. Conclusory statements like those in the Amended Complaint will not suffice. *See Sanders v. WB Kirby Hill LLC*, No. 16-CV-4596, 2017 WL 5495365, at *3 (E.D.N.Y. Nov. 14, 2017) ("Conclusory statements and allegations are not enough to meet the Rule 9(b) pleading requirements."); *Washington v. Garage Mgmt. Corp.*, No. 11 CIV. 3420 , 2012 WL 4336163, at *16 (S.D.N.Y. Sept. 20, 2012) (dismissing hostile work environment claim where plaintiff alleged "constant' harassment" but "that purely conclusory allegation is not sufficient to demonstrate that he was subjected to behavior that was so severe or pervasive as to alter his working conditions").

Because Plaintiff has failed to sufficiently plead any of her claims under the Rehabilitation Act, there remain no viable claims against NYSED. Plaintiff brought ADA, NYSHRL, and Rehabilitation Act claims against NYSED. (*See* FAC ¶¶ 16–35.) In dismissing Plaintiff's original Complaint, this Court found Plaintiff's ADA and NYSHRL claims against NYSED to be barred by the Eleventh Amendment. *Gill-Dratyon*, 2025 WL 872997, at *8. In its prior decision on NYSED's Motion To Dismiss the First Amended Complaint, this Court found

that "nothing in Plaintiff's Amended Complaint or briefing challenges the Court's previous sovereign immunity finding." *Gill-Drayton*, 2026 WL 880546, at *4. In that same decision, the Court found that NYSED could not be liable directly under the Rehabilitation Act because Plaintiff had not alleged NYSED was her employer, but that NYSED may nevertheless "bear supervisory liability for Mount Vernon's alleged violations of the Rehabilitation Act." *Id.* at *6. However, the Court "decline[d] to assess the viability of Plaintiff's claims against Mount Vernon . . . because Mount Vernon's Motion to Dismiss [was] not presently before the Court." *Id.* Because the Court now finds that Plaintiff failed to state a claim for an underlying Rehabilitation Act violation by Mount Vernon, NYSED necessarily could not be held liable as Mount Vernon's supervisor. *See Ariz v. Metro. Transportation Auth.*, No. 17-CV-4491, 2019 WL 2613476, at *6 (S.D.N.Y. June 26, 2019) (dismissing claims of supervisory liability under the NYCHRL because "there can be no supervisory or aiding and abetting liability without an underlying violation."); *Martin v. Connelly*, No. 07-CV-7199, 2008 WL 1821732, at *3 (S.D.N.Y. Apr. 18, 2008) ("[T]here can be no supervisory liability without the identification of an underlying wrong which the supervisor failed to remedy or otherwise caused.") , *Garcia–Garcia v. City of New York*, No. 12-CV-1302, 2013 WL 3832730, at *10 (S.D.N.Y. July 22, 2013) ("[W]here there is no underlying deprivation of rights, there can be no supervisory liability."). Therefore, NYSED's motion for reconsideration is denied as moot. *See Levy v. NYC Health + Hosps.*, No. 21-CV-9142, 2023 WL 4364203, at *1 (S.D.N.Y. July 6, 2023) (denying defendant's motion for reconsideration where no live claims remained against it).

2. NYSHRL

Finally, the Court turns to Plaintiff's NYSHRL claims. In light of the Court's dismissal of all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over

her state-law NYSHRL claims. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction . . . .").

"Once a district court's discretion is triggered under [Section] 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (internal citation and quotation marks omitted); *accord Greenberg v. Visiting Nurse Servs. in Westchester, Inc.*, No. 23-CV-4252, 2024 WL 4252550, at *11 (S.D.N.Y. Sept. 19, 2024). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) ("It is axiomatic that when all federal claims are eliminated prior to trial, a court should decline to exercise jurisdiction over any remaining pendent state claims." (quotation marks omitted)); *Greenberg*, 2024 WL 4252550, at *11–12 (same).

The Court concludes that there is nothing that distinguishes this Action from "the usual case." *See Cohill*, 484 U.S. at 350 n.7. Plaintiff's federal claims have all been dismissed, *see Dellutri v. Village of Elmsford*, 895 F. Supp. 2d 555, 575 (S.D.N.Y. 2012) (declining to exercise supplemental jurisdiction where "th[e] case remains in its initial stages, and the [p]arties have not yet proceeded to discovery"); *Middleton v. United States*, No. 10-CV-6057, 2012 WL 394559, at *7 (E.D.N.Y. Feb. 7, 2012) (declining to exercise supplemental jurisdiction because no federal claims survived a motion to dismiss), and none of the factors that the Supreme Court enunciated

in *Cohill*—"judicial economy, convenience, fairness, [or] comity"—counsels against such dismissal, 484 U.S. at 350 n.7.

## III. Conclusion

For the reasons set forth above, Mount Vernon's Motion to Dismiss is granted. Because the Court granted Plaintiff leave to amend her Complaint in response to a decision on the merits of her claims but she has "fixed none of the problems identified by the Court in the Prior Opinion," *Barkai v. Neuendorf*, No. 21-CV-4060, 2024 WL 710315, at *6 (S.D.N.Y. Feb. 21, 2024), the Amended Complaint is dismissed with prejudice. *See Nath v. Internal Revenue Serv.*, No. 15-CV-3937, 2017 WL 2491495 (S.D.N.Y. June 7, 2017), *aff'd as modified sub nom. Nath v. JP Morgan Chase Bank, N.A.*, 732 F. App'x 82 (2d Cir. 2018); *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (alteration and internal quotation marks omitted)). NYSED's Motion for Reconsideration is denied as moot. The Clerk of Court is respectfully directed to terminate the pending Motions at Dkt. Nos. 53 and 56, close the case, and mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: September 29, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge